IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENI GAUTAMBHAI PATEL, | ) |
| *Petitioner*, | ) Case No. 3:24-cv-00073 |
| v. | ) District Judge Kim R. Gibson |
| | ) Magistrate Judge Kezia O. L. Taylor |
| MERRICK B. GARLAND, *et al.*, | ) |
| *Respondents*. | ) |

## MEMORANDUM OPINION

On or about April 5, 2024, Petitioner Keni Gautambhai Patel ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention by the Department of Homeland Security, Immigration and Customs Enforcement. ECF No. 4. On June 4, 2024, Respondents filed a suggestion of mootness stating that Petitioner was removed from the United States on April 18, 2024. ECF No. 10. In light of the recent action taken by immigration officials in removing Petitioner from the United States, the petition will be dismissed as moot.

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. Art. III, § 2; *see Chong v. District Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence of a case or controversy."). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78

(1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

In the context of federal habeas corpus petitions brought by immigration detainees challenging their detention, the deportation or removal of the petitioner renders the action moot. *See e.g., Lindaastuty v. Attorney General*, 186 F. App'x 294, 298 (3d Cir. 2006). Since Petitioner is no longer in immigration detention, his petition wherein he seeks release from immigration detention is now moot. An appropriate Order follows.

**ORDER**

AND NOW, this 27th day of June, 2024, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 4, is DISMISSED as moot. The Clerk of Court is directed to mark this case CLOSED.

                                                            Kim R. Gibson
                                                            United States District Judge

Cc:    Keni Gautambhai Patel
        216226017
        Pike County Correctional Facility
        175 Pike County Blvd.
        Lords Valley, PA  18428

        Counsel for Respondents
        (Via CM/ECF electronic mail)